**Affirmed and Memorandum Majority and Concurring Opinions filed February 8, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00473-CV

---

## IN THE INTEREST OF T.N.R., A CHILD

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2018-03359J**

---

## MEMORANDUM CONCURRING OPINION

Terminating parental rights goes to the heart of constitutionally protected rights. On appeal, the facts from the record are often unpleasant. We are directed to decide these appeals in 180 days. Tex. R. Jud. Admin. 6.2(a).

I agree with the court's judgment in this appeal. I agree with the court's opinion except that it says more than is necessary to address each issue raised and necessary for the disposition of the appeal. *See* Tex. R. App. P. 47.1.

Concise writing is difficult. Speaking of his letter, Pascal famously said, "I have made this longer than usual because I have not had time to make it shorter."

Blaise Pascal, *Les Provinciales* (1657). This is a serious concern with parental-termination cases that must be swiftly researched and written. It is far easier to write more than less.[1]

What does this do to the law? It invites parties to argue this court based its holding on an irrelevant fact. This appeal to authority happens all the time: "The court of appeals would not have written that if it was not legally significant." While that is flattering, it gives the court far too much credit.

What does this do to the person whose parental rights have been terminated? It likely makes them wonder if we thought they were a "bad" person. Such moral judgments are not ours to make.

Most parental-termination appeals challenge the legal sufficiency of the evidence that supports termination. We should have the self-imposed discipline to restrict our recitation of the facts to what is relevant. The rest of what was introduced into evidence at trial is simply not our business to repeat merely because we can.

"Just the facts" does not mean all the facts. Writing too much says something, and it is not favorable to the court.

---

[1] And sometimes we say less than we should. The Family Code dictates the title of the petition and other documents in the trial court, focusing on the interest of the child and protecting the parties' privacy pre-termination. *See* Tex. Fam. Code. Ann. § 102.008. But S.R.'s parental rights have been terminated. I would not conceal the general identity and posture of the appellant and appellee in the appellate case name, generally the parent whose rights have been terminated and the Department of Family and Protective Services. *See* Tex. R. App. P. 9.8 (requiring protection of minor's identity in parental-termination case, including identification of adults by use of alias); *see also* Tex. Const. art. I, § 13 (right to open courts).

I concur in the judgment.


/s/     Charles A. Spain
        Justice


Panel consists of Justices Wise, Spain, and Hassan (Wise, J., majority).